**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1268
_____

DIANA ARON,
                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from the
Board of Immigration Appeals
(Agency No. A099-191-966)
Immigration Judge: Ramin Rastegar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 7, 2022

Before: SHWARTZ, MATEY, and FUENTES, *Circuit Judges.*

(Filed: December 27, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

Diana Aron, also referred to as Diana Shvartsman, challenges the Board of Immigration Appeals' ("BIA") decision vacating the Immigration Judge's ("IJ") grant of her applications for a waiver of inadmissibility and adjustment of status. But we lack jurisdiction to review the BIA's discretionary decisions, so we must dismiss her petition.

**I.**

Petitioner, a native of the former Soviet Union and a citizen of Israel, was lawfully admitted to the United States in 2002. But she remained after her visa expired, claiming she needed ongoing medical care. Petitioner also participated in a scheme to procure diamonds on consignment without paying for them. That led to an indictment and Petitioner later pleading guilty to mail fraud, wire fraud, and conspiracy to commit mail and wire fraud, resulting in a 78-month sentence and a $1.7 million restitution order.

Upon Petitioner's release from prison in 2011, the Department of Homeland Security ("DHS") commenced removal proceedings, charging her with removability for overstaying her visa, 8 U.S.C. § 1227(a)(1)(B), and for her criminal convictions, 8 U.S.C. § 1227(a)(2)(A)(iii). She conceded removability under both charges and sought an adjustment of status along with a waiver of inadmissibility. 8 U.S.C. § 1182(h). Following a hearing, an IJ granted both applications. But the BIA vacated the IJ's decision based on

2

Petitioner's "significant, serious criminal history." A.R. 3–5.[1] She now petitions for review.[2]

## II.

We generally have jurisdiction to review "final order[s] of removal" entered by the BIA. 8 U.S.C. § 1252(a)(1). But our authority is limited by the Immigration and Nationality Act ("INA"), which precludes us from reviewing adjustment of status. 8 U.S.C. § 1252(a)(2)(B)(i). We also lack jurisdiction over final orders of removal entered against an alien removable for having committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C) (citing 8 U.S.C. § 1227(a)(2)(A)(iii)); *see* 8 U.S.C. § 1101(a)(43)(M)(i). So Petitioner relies on the narrow exception that allows us to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D).

Petitioner asks this Court to review the substance of the BIA's decision vacating the

---

[1] The IJ conducted removal proceedings under 8 C.F.R. §§ 1003.10 and 1003.14(a). The BIA had jurisdiction to review the IJ's decision under 8 C.F.R. § 1003.1(b)(3).

[2] Petitioner and the Government acknowledge that the BIA never explicitly ordered Petitioner removed. A final administrative order "must mark the consummation of the agency's decisionmaking process," and "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal citations and quotation marks omitted). We treat a BIA order as final "when a removability determination has been made that is no longer appealable to the BIA, regardless [of] whether a formal order of removal has been entered." *Higgs v. Att'y Gen.*, 655 F.3d 333, 337–38 (3d Cir. 2011) (quoting *Yusupov v. Att'y Gen.*, 518 F.3d 185, 195 (3d Cir. 2008)). While standards requiring merely a practical construction of finality may be out of step with Congress' instruction that only a "final order of removal" is reviewable, 8 U.S.C. § 1252(a)(1), and the BIA's failure to formally issue an order created avoidable uncertainty, the BIA's order denying Petitioner relief from removability, along with the IJ's removability determination, satisfy the "final order of removal" requirement of 8 U.S.C. § 1252(a)(1).

3

IJ's ruling, which granted Petitioner's waiver of inadmissibility and adjustment of status applications. Since we generally cannot review "any judgment regarding the granting of" adjustment of status, 8 U.S.C. § 1252(a)(2)(B)(i) (citing 8 U.S.C. § 1229b), Petitioner relies on an exception provided by 8 U.S.C. § 1252(a)(2)(D). That exception allows us to consider "constitutional claims" and "questions of law" raised in a petition for review. Petitioner says the BIA committed legal error by using an incorrect standard, ignoring favorable evidence and arguments, and ignoring BIA precedent. And she argues that these legal errors violated her due process rights under the Constitution. We disagree.

To begin, the BIA's decision applied the appropriate legal standard. In determining whether Petitioner was entitled to discretionary relief, the BIA properly "balance[d] the relevant factors," considering Petitioner's familial ties to the United States and her extensive medical history. A.R. 4. And it considered her "serious" and "egregious" criminal history. *Id.* at 5. The BIA need not "write an exegesis on every contention"—rather, it must show that it "reviewed the record and grasped the movant's claims." *Filja v. Gonzales*, 447 F.3d 241, 256 (3d Cir. 2006) (internal citation omitted); *Chiao Fang Ku v. Att'y Gen.*, 912 F.3d 133, 144 (3d Cir. 2019) ("As we have consistently held, 'arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D).'" (internal citation omitted)). Petitioner's claim that the BIA committed legal error by not addressing every fact is outside our jurisdiction. *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010) ("[A] party may not dress up a claim with legal clothing to invoke this Court's jurisdiction.").

4

Petitioner's alleged constitutional claims also fail. She argues, in effect, that all the above errors violate her right to due process. But Petitioner has no constitutional entitlement to discretionary forms of relief like an adjustment of status. *Mudric v. Att'y Gen.*, 469 F.3d 94, 99 (3d Cir. 2006). Rather, aliens facing removal must be given an "opportunity to be heard at a meaningful time and in a meaningful manner," such that they have a "reasonable opportunity to present evidence on their behalf." *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017) (internal citations omitted). Petitioner received that opportunity, and we lack jurisdiction to revisit her hearing.

## III.

For these reasons, we will dismiss the petition for review.